762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
WILLIAM R. COX, AKA BILLY COX, DEFENDANT-APPELLANT.
 NO. 84-3162
 United States Court of Appeals, Sixth Circuit.
 3/5/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; ENGEL, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a jury conviction for distribution of heroin. The defendant sold heroin to two government informants and one of the transactions was video-taped. The defendant sought to represent himself at trial and the district judge appointed advisory counsel who assisted.
 
 
 2
 On appeal the defendant argues that the district court denied his Sixth Amendment right to compulsory service by refusing to subpoena witnesses and allowing them to testify about the informants' past drug use. The district court relied on Rule 608(b), Federal Rules of Evidence, which excludes evidence of a witness' specific instances of conduct as impeachment evidence. The defendant now argues that Rule 608(b) does not apply to evidence offered to show bias. However, the evidence was not offered for that purpose. The defendant sought to subpoena these witnesses for the purpose of impeaching the credibility of the informants, not to establish bias. It is also noteworthy that one witness was permitted to testify that he had seen one of the informants use drugs on numerous occasions and had seen this same informant involved at one time in what he believed was a drug sale. Under all the circumstances we conclude that the district court did not abuse its discretion in denying the requested subpoenas and proffered evidence.
 
 
 3
 The defendant also argues that he was prejudiced by the district court's exclusion of evidence of a witness who would testify that he had been incarcerated with one of the informants. Both the prosecutor and defense counsel informed the district court before he made his ruling that they had been unable to find any record of this informant's having been convicted of any offense. Rule 609(a), Federal Rules of Evidence, permits impeachment of a witness by showing that he had been convicted of a crime 'if elicited from him or established by public record during cross-examination.' The informant did not admit that he had been previously convicted of a crime and no public record of such a conviction was produced. The district court correctly applied Rule 609(a) and did not abuse its discretion in excluding this proffered evidence.
 
 
 4
 The defendant also contends that he was entitled to a jury instruction on entrapment. In his opening pro se statement defendant admitted the acts with which he was charged, but said he wanted a trial so that all the circumstances would be understood. However, he did not take the stand and testify and produced no other evidence of entrapment. In fact, the evidence indicated that the defendant was eager to make the sales to the informants. Advisory counsel told the district court that he did not believe there was evidence upon which to base an entrapment instruction and there was no request for such an instruction. We do not believe that the trial court committed plain error in not giving an entrapment instruction based on the record of the trial.
 
 
 5
 We find no prejudicial error in the district court proceedings. Accordingly, the judgment of the district court is affirmed.